THE CITIZENS LOAN ASSOCIATION OF THE CITY OF NEWARK

*v.*

DANIEL M. LYON and others.

The waste or misapplication of the funds of a corporation by its officers or agents, authorizes the company to resort to equity in order to compel such officers to account for such waste or breach of trust, even though it were conceded that an adequate remedy at law exists. The existence of such remedy at law would not oust this court of its jurisdiction.

---

Bill for relief. On demurrer.

*Mr. J. W. Taylor*, for demurrant.

*Mr. J. Whitehead*, and *Mr. A. Loring Cushing*, of New York, for complainants.

Blauvelt *v.* Van Winkle.

The Chancellor.

The bill seeks to fix and enforce the personal liability of the defendants for their misfeasance as directors of the complainants in lending without security, and so in violation of one of the by-laws of the complainants, a large sum of money belonging to the complainants, which was thereby lost. The only point discussed on the argument of the demurrer was, whether the complainants have not an adequate and ready remedy at law. If it be conceded that such remedy at law exists, this court is not thereby ousted of its jurisdiction on the subject, which belongs to its ordinary and ancient jurisdiction over trusts.

Where there has been a waste or misapplication of the funds of a corporation by the officers or agents of the corporation, a suit in equity may be brought in the name of the company to compel them to account for such waste, or misapplication, or breach of trust. *Ang. & Ames on Corp.*, § 312; *Att'y-Gen.* v. *Utica Ins. Co.*, 2 *Johns. Ch.* 371, 389; *Bayless* v. *Orne, Freem. Ch.* 161, 173; *Att'y-Gen.* v. *Wilson*, 1 *Cr. & Ph.* 2. The demurrer will be overruled, with costs.