MATTHEW T. BOONE, petitioner,

*v.*

GRACE L. BOONE, defendant.

[Decided February 27th, 1925.]

**Master's Fees—Stenographer's Fees on References—Master May Charge Only Amount Allowed in Fee Bill—If Stenographers are Employed to do Their Work, Master, Not Litigant, Must Pay Bill—Court Rule 178 Considered—Old Rule 110 was Abrogated When Office of Examiner was Abolished.**

*Mr. George A. Douglass,* for the petitioner.

BACKES, V. C.

This undefended divorce suit was referred to a master to take proofs and report his findings. The solicitor for petitioner paid the master the fees allowed by statute. The master called in a stenographer to take the testimony, and the stenographer submitted a bill for his services to the solicitor for the petitioner. The solicitor asks to be relieved of the charge. I am informed that it is the practice of some masters to require litigants to pay for such stenographic work, and for authority rely upon rule 178 of this court, which provides that, upon references to a master, the examination of the witnesses shall "at the *expense* of the party requiring it" be reduced to writing by the master, and that the master may permit such examination to be taken by a stenographer selected by him.

The quoted language of the rule means simply that, in the first instance, each party-litigant must pay for his own testimony—for the testimony he desires to have reduced to writing. For this the master may charge only the amount allowed by the fee bill. *Comp. Stat. p. 2277.* Thirty cents a folio. *P. L. 1920 p. 412.* If masters employ stenographers to do their work, they, not the litigant, must foot the bill.

Under the old and now obsolete practice of taking testimony before examiners, for use on final hearing, our rule regulated the division of fees for the taking of testimony stenographically, by awarding to the master one-third and two-thirds to the stenographer. Rule 110, November 7th, 1883; rules of 1910. When Chancellor Walker abolished the office of examiners and vested their powers and duties in masters (revised rules 1917), rule 110 was abrogated, so that now the division of fees is a matter of private bargain between the master and the stenographer.

Masters who have misapprehended the rule, and taxed for such services, or allowed their stenographer to do so, are expected to, and no doubt will, promptly make restitution.