The complainant alleges that he is a stockholder of Jamaica Concrete Corporation, a New York corporation, and as such, seeks from the defendant River Edge Estates, Inc., a corporation of this state engaged in the development of real estate projects in Bergen county, New Jersey, an accounting of moneys which he claims were wrongfully diverted to it from the Jamaica Concrete Corporation by the defendant Daniel J. Salvatore, and for labor and equipment supplied to it by the same corporation. After the institution of this suit, a receiver for the Jamaica Concrete Corporation was appointed in New York State, and he was granted leave to intervene *Page 229 
herein. In these proceedings he adopted the complainant's bill as his pleading.
Daniel J. Salvatore and his wife, Helen N. Salvatore, appear to have been the stockholders of record of D.J. Salvatore, Inc., the sole stockholder of Jamaica Concrete Corporation (Exhibit C-2). The stock of D.J. Salvatore, Inc., had been issued to and was held by Helen N. Salvatore for the benefit of Daniel J. Salvatore. She held it subject to his direction and control. He was the real owner of the stock. It is so admitted.
It is alleged that Daniel J. Salvatore received and retained moneys which were due to the Jamaica Concrete Corporation from its customers as follows: on September 1st, 1939, the sum of $5,000; and on September 28th, 1939, the sum of $7,500. (Exhibits C-2 and C-3.)
Those moneys, aggregating $12,500, allegedly were wrongfully used by Salvatore in promoting and developing the affairs of the defendant River Edge Estates, Inc., a corporation controlled by him. The defendants claim, however, that the moneys were paid to Salvatore at the direction and with the approval of all
(italics mine) the stockholders of D.J. Salvatore, Inc.; and consequently, the payments to him were proper and are not open to question. Arnold v. Searing, 73 N.J. Eq. 262;67 Atl. Rep. 831; Steinway v. Steinway, 2 App. Div. 301; affirmed, 157 N.Y. 710; Codley v. Crandall, 212 N.Y. 121; John Williams BuildingCo. v. Union Trust Co., 256 App. Div. 885;9 N.Y.S. 2d 14. These cases, in effect, hold that payments made under the circumstances, here defended, will be upheld if there be a unanimous ratification by all the stockholders of the corporation.
The defendant denies that the complainant was a shareholder in the Jamaica Concrete Corporation at, or before, the time in September, 1939, when the payments allegedly were made to Salvatore. The complainant challenges that stand and asserts that he has been the owner of one-half of the total number of shares of stock issued and outstanding in the Jamaica Concrete Corporation since June, 1935. He submitted as proof thereof a judgment, or decree, obtained in the New York Supreme Court in a proceeding instituted by him *Page 230 
to enforce specific performance of an agreement he made with the defendant, Daniel J. Salvatore, in June, 1935, wherein it was provided that upon demand by Masholie, Salvatore would cause his wife, Helen, to assign one half of the issued capital stock of D.J. Salvatore, Inc., to Masholie. The judgment, or decree, which is dated June 14th, 1940, in part recites that "Daniel J. Salvatore is now and always has been the real owner of said stock," and directs that complainant's share of said stock be transferred to him (Exhibit C-2).
The complainant contends that the New York judgment, or decree, confirming his title to the shares of stock in the Jamaica Concrete Corporation, relates back to June, 1935, the date of his agreement with Salvatore. He asserts that, as such stockholder, he never authorized or approved the payment of $12,500 to Salvatore.
The $12,500 aforesaid unquestionably belonged to the Jamaica Concrete Corporation. That corporation was entitled to it and should have received it. However, it was paid to Salvatore, by a voting arrangement between him and his wife. He caused it to be deposited in the Bank of the Manhattan Company in the account of his wife, Helen. There were two withdrawals from her account as follows: one for $8,000 on October 9th, 1939, which was deposited to the account of River Edge Estates, Inc., and another withdrawal for $4,500 on the following day, October 10th, 1939. The defendant River Edge Estates, Inc., in this proceeding, did not explain the source of those two deposits aggregating $12,500.
The allegation of the complainant that the labor and equipment of Jamaica Concrete Corporation were used for the benefit of River Edge Estates, Inc., is admitted; but it is qualified by defendant's allegation that it used equipment and labor under a contract and that there is but a small sum due the Jamaica Corporation under the contract.
It is my opinion that the judgment, or decree, obtained by the complainant (Exhibit C-2), directing the specific performance of the agreement concerning the ownership of the stock between the complainant and Daniel J. Salvatore, places the equitable title of the stock in the complainant from June, 1935, when the contract was made, notwithstanding the *Page 231 
fact that the judgment, or decree, awarding the title to the stock to this complainant was entered approximately five years later.
The complainant had no knowledge of the payments to Daniel J. Salvatore. He was never consulted about them and had no opportunity of voicing his approval or disapproval in the transaction.
The defendant argues that the complainant is in fact a transferee of the stock of Daniel J. Salvatore, and, consequently, he took the stock subject to all existing equities.Harris v. Rogers, 190 App. Div. 208; Solimine v. Hollander,128 N.J. Eq. 228; 16 Atl. Rep. 2d 203. I do not agree with that theory of the defendant. When the complainant acquired the equitable title to the stock, there was no "taint" of a questionable appropriation of the Jamaica Concrete Corporation funds attaching to it. The misappropriation occurred approximately four years later.
Daniel J. Salvatore was an officer of D.J. Salvatore, Inc.; he also was a director and general manager of all the affairs of Jamaica Concrete Corporation; he was a director and stockholder of River Edge Estates, Inc. This is admitted. Here, we have, in effect, a situation where an officer, or director, is dealing with the corporation to which he owes a fiduciary duty and also with another corporation which he represents. The law demands, and will permit, the closest scrutiny of such transactions; and the burden of proof is upon the corporate officer or director to show that such transactions were not inimical to the interests of the corporation or its stockholders.
19 Corp. Jur. Secundum 244 § 832, reads:
"* * * The defendant officer or director, however, has the burden of proving affirmative defenses, and of showing the fairness and validity of transactions between himself and the corporation, or between the corporation involved in the litigation and another corporation which he also represents. Where corporate funds have been traced into the hands of defendants, they have the burden of accounting therefor. * * *"
In 2 Thompson on Corporations (3d ed.) § 1321 (at p.782), it is stated: *Page 232 
"* * * The relation of a director to his corporation is fiduciary, and the law forbids him from making a contract in which his private interest may conflict with the interest of the corporation. The directors in all such cases occupy a position of trust and act in a fiduciary capacity. * * * The rule is so strict and so rigidly enforced that the law will not permit these officials to subject themselves to any temptations to serve their own interest in preference to the interest of the stockholders."
See Sage v. Culver, 147 N.Y. 241; Pink v. Title Guaranteeand Trust Co., 298 N.Y.S. 544; Whitfield v. Kern, 122 N.J. Eq. 332; 198 Atl. Rep. 48; Helfman v. American Light and TractionCo., 121 N.J. Eq. 1; 187 Atl. Rep. 540; National Manufacturers'Co. v. Bird, 97 N.J. Eq. 242; 127 Atl. Rep. 819; GeneralInvestment Co. v. American Hide and Leather Co., 97 N.J. Eq. 214; 127 Atl. Rep. 529; affirmed, 98 N.J. Eq. 326;129 Atl. Rep. 244; Backus v. Finkelstein, 23 Fed. Rep. 2d 531;Whitewater Telephone Co. v. Cory, 232 Pac. Rep. 609;Bromschwig v. Carthage Marble and White Lime Co., 66 S.W. Rep.
2d 889.
I am satisfied the funds of the Jamaica Concrete Corporation in the sum of $12,500 have been traced and were found to have been wrongfully applied by its officer or agent, the defendant Daniel J. Salvatore, to the business of a corporate body, the defendant River Edge Estates, Inc., created by and wholly owned by him. It is significant that the defendants did not offer themselves as witnesses at the hearing, and we were without the benefit of an explanation from them. I feel that there should be an impression of a trust and an equitable lien on said funds in the hands of River Edge Estates, Inc. Citizens Loan Association v. Lyon,29 N.J. Eq. 110; affirmed, 30 N.J. Eq. 732; French v. Armstrong,79 N.J. Eq. 283; 82 Atl. Rep. 101; Dwyer v. Anderson, 113 N.J. Eq. 210; 166 Atl. Rep. 293; Sun Building and Loan Association v.Rashkes, 119 N.J. Eq. 443; 183 Atl. Rep. 274.
The complainant is entitled to the relief he seeks. *Page 233