In re RIVER EDGE ESTATES, Inc.

No. 1881A.

District Court, D. New Jersey.

April 1, 1943.

William N. Gurtman, of Passaic, N. J., for trustee.

Gross & Blumberg, of Newark, N. J., for petitioner.

SMITH, District Judge.

This matter is before the court on a petition for review filed herein pursuant to section 39, sub. c of the Bankruptcy Act as amended, 11 U.S.C.A. § 67, sub. c. The petitioner, an assignee for the benefit of creditors of the Jamaica Concrete Corporation, a corporation of the state of New York, challenges the validity of orders heretofore entered by the referee in bankruptcy on December 20, 1941 and March 23, 1942.

### Order of December 20, 1941

On June 5, 1940, one Charles Masholie, a stockholder of the Jamaica Concrete Corporation, brought suit on behalf of the said corporation against the River Edge Estates, Inc., the bankrupt, and one Daniel J. Salvator, a stockholder and officer of the bankrupt, in the Court of Chancery of New Jersey to enforce a constructive trust in certain real property, the legal title to which was then held by the bankrupt. On June 17, 1940, pursuant to the provisions of the Revised Statutes of 1937, 2:26–36, N.J.S.A. 2:26–36, the said Daniel J. Salvator deposited with the clerk of the Court of Chancery the sum of $12,500, and the claim against the real property was thereupon discharged. The Vice Chancellor, after hearing, filed his opinion in the cause on March 31, 1941, Masholie v. River Edge Estates, 129 N.J.Eq. 228, 19 A.2d 27, and thereafter, on May 8, 1941, a formal decree in favor of the complainant and against the defendants was duly entered. The decree ordered, among other things, the distribution of the fund then on deposit with the clerk of the court. It seems unnecessary to discuss this litigation further except to note that it was concluded prior to the initiation of the present bankruptcy proceeding.

The River Edge Estates, Inc., was adjudged a bankrupt on May 21, 1941 on a petition filed on April 24, 1941, after the opinion had been filed in the Court of Chancery but before the entry of the formal decree. On May 28, 1941 a petition in reclamation in which a claim to all of the assets of the bankrupt was asserted, was filed with the referee in bankruptcy on behalf of the Jamaica Concrete Corporation. On July 31, 1941 the trustee filed with the referee in bankruptcy a petition in which he asserted a claim to the fund on deposit with the clerk of the Court of Chancery. The present petitioner, in response to an order to show cause which issued on the last petition, appeared specially and challenged the jurisdiction of the court of bankruptcy to determine the rights of the respective parties in the fund. Thereafter, December 20, 1941, on the application of the trustee, the referee in bankruptcy entered an order enjoining the parties to the suit in the Court of Chancery from proceeding further therein.

The suit in the Court of Chancery was, as hereinabove stated, a suit to enforce a constructive trust in specific property, and the court, having acquired possession of the property and jurisdiction of the parties, was not divested of its authority to adjudicate the controversy by the bankruptcy of the defendant. The jurisdiction of the Court of Chancery was neither impaired nor destroyed by the initiation of the bankruptcy proceeding. It follows, therefore, that the court of bankruptcy lacked the authority to enjoin the parties from pursuing their lawful remedy in a

court of competent jurisdiction. Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Pickens v. Roy, 187 U.S. 177, 23 S.Ct. 78, 47 L.Ed. 128; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Piedmont Coal Co. v. Hustead, 294 F. 247, 32 A.L.R. 556; McGonigle v. Foutch, 8 Cir., 51 F.2d 455; Morris W. Haft & Bros. v. Wells, 10 Cir., 93 F.2d 991; Union Joint Stock Land Bank v. Byers, 3 Cir., 100 F.2d 82; Dannel v. Wilson-Weesner-Wilkinson Co., 6 Cir., 109 F.2d 364. The final decree of the Court of Chancery had been entered and the court of bankruptcy therefore was without authority to prohibit its enforcement.

The general rule applicable in the instant case is succinctly stated in Penn General Casualty Co. v. Pennsylvania, 294 U.S. 186, at page 195, 55 S.Ct. 386, at page 389, 79 L.Ed. 850, as follows: "Where the judgment sought is strictly in personam, for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other. (citations) But, if the two suits are in rem or quasi in rem, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, (citations) and to protect the judicial processes of the court first assuming jurisdiction, (citations) the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."

The order of December 20, 1941 was erroneously entered and must be vacated and set aside.

### Order of March 23, 1942

The petition in reclamation, to which reference was heretofore made, should have been dismissed. It clearly appears from the record before the court that the said petition was filed on the instructions of Charles Masholie but without the authority of the Jamaica Concrete Corporation. The order of March 23, 1942 is vacated and the petition in reclamation is dismissed.