G. L. NICKLAUS, Trustee in Bankruptcy of the Estate of Bronson Woodworth, Inc., Bankrupt, Appellant,

v.

BANK OF RUSSELLVILLE, Appellee.

No. 17584.

United States Court of Appeals Eighth Circuit

Sept. 8, 1964.

D. D. Panich, Little Rock, Ark., made argument for appellant and filed brief.

Robert H. Williams, of Williams & Gardner, Russellville, Ark., made argument for appellee and Williams & Gardner, Russellville, Ark., filed brief.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

This is an appeal from an order denying the petition of appellant, the Trustee in Bankruptcy of Bronson Woodworth, Inc., praying the District Court to rescind its order entered in a criminal proceeding—whereby certain negotiable bonds were ordered into the possession of appellee, the ostensible owner thereof, after conviction of Bronson Woodworth, an individual, for fraud perpetrated against appellee; and for refusal of that Court to restrain and enjoin appellee and the Chancery Court of Pope County, Arkansas, from further prosecution of a civil action pending before it—to establish ownership of the above-mentioned bonds, and a constructive trust in relation to certain money fraudulently obtained by Bronson Woodworth, individually, which are now on deposit in the registry of that State Court. The opinion of District Judge Young, denying appellant's petition ante, is recorded in D.C., 229 F.Supp. at 262.

To avoid repetitious statements of fact, we think there are certain matters that must be noticed which appear in the record before us and from the opinion of Judge Young ante: First, the *res* giving rise to this litigation is manifestly tainted with fraud. Secondly, a non-subsistent matter appears on the face of the record of this case,—the absence of which we deem fatal to appellant's claim of error on the part of the District Court as here made. Without going into detail, it is apparent from the operative facts stated in Judge Young's opinion, supra, that Bronson Woodworth, Inc., appellant's bankrupt, could not possibly claim the property or right of property here to be considered, as appellant does. On the contrary, it appears as an undisputed fact in this case that the fraud for which Bronson Woodworth, individually, was convicted is recognized by all parties as having been perpetrated solely against appellee, the Bank of Russellville; and that the bonds and money here in question are tasteful fruit of that fraud— which alone gives rise to this litigation.

Hence we think the first matter for consideration by this Court in this appeal is whether appellant, as Trustee in Bankruptcy of Bronson Woodworth, Inc., has established any power being vested in him to reach out and make claim of right to possession or title to the bonds and currency mentioned in Judge Young's opinion, ante, under Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110.

From the phantasma of facts revealed in that opinion supra, it appears Judge Young was prompted to judicially notice the existence of certain auxiliary matters in addition to operative facts, in self-protection against disillusionment regarding

the subject matter of this case. We think he properly did so, and, as a consequence, we shall not follow appellant in the assignments of error and argument he here makes, to sustain his query: "Which Court has jurisdiction to determine ownership (of the property here involved)?" It is deemed sufficient to say that by specific finding of fact as made in the case at bar it clearly appears that the Chancery Court of Pope County, Arkansas obtained jurisdiction over the *res* in the *in rem* action pending before it prior to adjudication of Bronson Woodworth, Inc. as being bankrupt; and since the dismissal of appellant's complaint in the case at bar was solely premised on the "principle of comity," appellant has not established that he could possibly have been prejudiced by the judgment here under review.

■■ Primarily, that is so because a Trustee in Bankruptcy can have no interest in property acquired by the fraud of a bankrupt, or anyone else, as against the claim of the rightful owner of such property. Cf. Collier on Bankruptcy, 14th Ed., Vol. 3, § 60.18. "Creditors have no right to profit by the fraud of a bankrupt, to the wrong and injury of the one defrauded." 9 Am.Jur.2d, § 903, p. 667. No clearer perception for the premise of the law so declaring can be found than from the facts stated by Judge Young in the course of his opinion, supra. A salient fact there appearing is that appellant alleges he is entitled to possession of "the identical bonds" which "were caused to be delivered" to the District Court and apparently used as evidence during the pendency of the criminal proceedings instituted against Bronson Woodworth, individually. Manifestly, those bonds are tainted with fraud, not only by the acts of Bronson Woodworth, individually, but also by fraud of appellant's bankrupt, for it is apparent that the individual here used the corporate entity to perpetrate fraud on appellee.

District Judge Young, in the course of his opinion,t ante, specifically found:

"1. With respect to the $99,000 in bonds, the Bank of Russellville (i. e. appellee) has possession of these bonds and claims that it is entitled to them. This claim is at issue in the suits pending in the Pope Chancery Court (sic) filed prior to the bankruptcy proceeding. The bank is an adverse holder, and for relief the Trustee should resort to the Pope Chancery Court (sic).

"2. With respect to the money paid into the Chancery Court of Pope County (sic) prior to the date of the petition in bankruptcy there can be no question about custody * * *.

"3. The problem as to the money paid into the Pope County Chancery Court (sic) subsequent to the date of the filing of the bankruptcy petition (he recognized was not) easily resolved. (However, he found that since) Elaine Woodworth and Bronson Woodworth (individually) had been enjoined and restrained by that state court from transferring or disposing of any of the funds"

here considered, and since the right, title and interest of appellee thereto was manifestly the issue to be determined in that state court action—"upon comity"—he ruled appellant should intervene in the Chancery Court of Pope County, Arkansas, with respect to that property also. Such is the sole legal effect of the order and judgment here under review.

■ Controlling authority is clear that where a state court, in an *in rem* proceeding to enforce a lien not invalidated by bankruptcy, or to try title to property in the hands of an adverse holder, has achieved jurisdiction of the property prior to the institution of bankruptcy, such proceeding is not abated by bankruptcy, and the bankruptcy court has no summary jurisdiction over such property. In Re Hoey, Tilden & Co., 292 F. 269 (D.C.S.D.N.Y.1922); Atlanta Flooring & Insulation Co. v. Russell, 145 F.2d 493 (5 Cir. 1944); In Re River Edge Estates, Inc., 53 F.Supp. 286 (D.C.N.J.1943), aff'd 3 Cir., 139 F.2d 840; White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183

(1900); Taubel-Scott-Kitzmiller Co. Inc. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924); Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902); 9 Am.Jur., Bankruptcy, 102; 5 Remington on Bankruptcy, 268; 2 Collier on Bankruptcy, 454. The language in In Re Hoey, Tilden & Co., supra, is particularly in point here, wherein it is stated, at l. c. 270: "As it was a suit to establish a constructive trust in specific property, it was not superseded by the bankruptcy proceedings."

■ It is likewise clear that a bankruptcy court has no summary jurisdiction over property in the hands of a holder claiming title adversely to the bankrupt estate where that claim is not merely colorable. Sproul v. Levin, 88 F.2d 866 (8 Cir. 1937); Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897 (1926); May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870 (1925); In Re Cadillac Brewing Co., 102 F.2d 369 (6 Cir. 1939).

■ In the case at bar appellant, as Trustee in Bankruptcy, does not state even a colorable claim as to his title or right to possession of the property here considered. It is apparent that the fraud, which he admits existed, was not perpetrated against his bankrupt; or by a person who received possession of property rightfully belonging to his bankrupt. Property obtained by fraud of the bankrupt, or by other tort, is not properly a part of the assets of a bankrupt's estate. Collier on Bankruptcy, supra.

In the case at bar, Bronson Woodworth, as an individual, used the corporate entity, supra, as a medium to perpetrate fraud on appellee. There is no contention here that appellee has ever ratified that fraud by making any claim against Bronson Woodworth, Inc., appellant's bankrupt, for the money of which it was defrauded; or that appellee has in any manner made an election to treat that corporate entity as its debtor. That corporate entity is named as a party in the state court action merely for the purpose of clearing appellee's title to the property in the registry of that court.

Since it clearly appears from the opinion of the District Court, supra, and the record before us, that appellant here makes claim to property tainted with fraud as to which he has not established even a colorable right of property existing in Bronson Woodworth, Inc., or right of possession thereof by his bankrupt; the judgment appealed from is in all respects

Affirmed.