**In the Matter of Dennis Cecil GERVICH, Bankrupt.**

**Curtis L. MANN, Trustee, Plaintiff-Appellee,**

v.

**John A. SHEPARD, Defendant-Appellee,**

**and**

**Dennis C. Gervich and Stella B. Gervich, Defendants-Appellants.**

No. 77–1332.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1977.

Decided Jan. 18, 1978.

248

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This is an appeal by Dennis C. Gervich (bankrupt) and his wife, Stella B. Gervich, from an order of the district court requiring certain monthly payments to be made to the trustee in bankruptcy rather than to Prudential Savings and Loan Association. The district court[1] affirmed the bankruptcy court's decision that monthly payments by John Shepard, which were being made on a deed of trust encumbering a condominium owned by appellants, operated as a transfer in fraud of bankrupt's creditors.[2] We affirm.

The bankruptcy court made findings of fact which were adopted by the district court and are not disputed on this appeal.[3] These findings of fact are summarized here. The bankruptcy court found that the bankrupt and Shepard purchased the capital stock of Gervich Furniture and Appliance Company, Inc. (Furniture) in 1969. Each acquired 50% of the stock of that company. Furniture was engaged in the retail sale of furniture and appliances. Bankrupt and Shepard also participated in the partnership of G & S Electronics Company (Electronics). Each was a 50% partner. The partnership, which was formed in 1967, engaged in the retail sale and repair of electronic equipment. These businesses were conducted from common business premises, 2600 North 14th Street, in St. Louis, Missouri.

As a side business, bankrupt and Shepard began to invest in real estate sometime in the autumn of 1969. At that time a condominium unit, known as 8799 Sieloff, was

Frank Susman, St. Louis, Mo., argued and on briefs, for defendants-appellants.

Donald R. Wilson, St. Louis, Mo., argued and on brief, for plaintiff-appellee.

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. The trustee argues that this court should dismiss this appeal because the appellants did not file a sufficient statement of the issues they intended to present on appeal to the district court as required by Bankruptcy Rule 806. The district court agreed with the trustee that appellants' statement of issues was inadequate but nevertheless considered the merits of appellants' claims. Consequently, this court will also address the merits of appellants' claims.

3. Appellants state in their brief that "The facts in this cause are best and impartially set forth in the "Memorandum Opinion" * * * by The Honorable Robert E. Brauer, United States Bankruptcy Judge, filed [herein]." It is well established that the bankruptcy court's findings of fact are to be accepted unless clearly erroneous. *Solari Furs v. United States*, 436 F.2d 683 (8th Cir. 1971).

purchased in the name of the partnership. Shepard and his wife soon thereafter moved into it. About one and one-half months later, a condominium unit, known as 7500 Hazelcrest, was purchased. Title to it was taken by general warranty deed in the names of the bankrupt and his wife, and so remained at the time of the bankruptcy hearing. The partnership provided the downpayment on each of these units and made the monthly payments on the balance of the purchase price thereafter. The partnership eventually purchased four additional condominium units for rental purposes.

The bankruptcy court further found:

Neither Mrs. Gervich, bankrupt's wife, nor Mrs. Shepard, was a partner nor a stockholder in Electronics or Furniture. Neither was a paid employee. Neither was ever paid a salary of any kind or ever received any distribution, of profits or of any kind. Some minimal time and effort was devoted by each of the wives in respect of the partnership and corporate business activity. Each spent some minimal time at the business premises, and "ran for supplies and parts." Each accompanied her husband on buying trips for Furniture, and the husbands relied on the wives' taste in making furniture and appliances selections. Each helped manage the rental condominium units, in taking calls from tenants when service was needed, or cleaning up the unit when a tenant departed, or painting the unit. Neither wife, certainly not Mrs. Gervich, was given any responsibility to hire or fire employees, to issue checks of any kind, or to keep books or records, or to establish prices or make business judgments of any kind.

Some time in October of 1973 a written agreement was entered into by which the bankrupt sold his 50% interest in Electronics and his stock in Furniture to Shepard. According to the express language of the agreement *"John Shepard in consideration of the above sale agrees to \* \* \* pay* the mortgage on 7500 Hazelcrest to Prudential Savings and Loan in the amount of $14,477.64, as each monthly installment becomes due."* (emphasis added.)

The agreement also contained a separate covenant not to compete. It stated that "Dennis Gervich agrees that he and his immediate family will not engage in the business activities presently being conducted" by Electronics and Furniture within a 30-block radius of 2600 North 14th Street for three years. Another provision stated that the execution of the agreement was to operate as a release of all claims against the companies that bankrupt and his wife might have. The final paragraph of the agreement provided that bankrupt and his wife and Shepard and his wife agreed to the terms of the agreement and agreed to execute any other papers which would be needed to carry out the provisions of the agreement.

On November 10, 1975, Dennis Gervich filed a petition for voluntary bankruptcy. Mrs. Gervich has not filed a petition in bankruptcy. On April 13, 1976, the trustee in bankruptcy filed a complaint naming John Shepard, Dennis Gervich, and Stella Gervich as defendants. The trustee sought an order requiring Shepard to make the monthly payments called for in the agreement to the trustee rather than to Prudential Savings and Loan Association, the holder of the deed of trust which encumbers the condominium owned by the bankrupt and his wife.[4]

The Gervichs filed two pleadings in response to the complaint. In one they objected to the summary jurisdiction of the court. In the other they claimed that the asset was joint and indefeasible and therefore not subject to the jurisdiction of the bankruptcy court. The appellants were heard on the summary jurisdiction issue and their objections to summary jurisdic-

---

4. The condominium unit at 7500 Hazelcrest which is occupied by Mr. and Mrs. Gervich and their minor children has been owned by them as tenants in entirety since January of 1970.

The trustee does not claim that the condominium unit itself is subject to administration in the bankruptcy proceeding.

tion were overruled. Evidence was then presented on the merits of the controversy.[5]

In a memorandum opinion dated January 6, 1977, the bankruptcy court held that Shepard was to make the monthly payments on the mortgage on the condominium called for in the agreement of October of 1973 to the trustee. The court reasoned that the payments made for the benefit of bankrupt and his wife and the contract providing for them, constituted a transfer in fraud of bankrupt's creditors, voidable by reason of the trustee's power under section 70 e of the Bankruptcy Act, 11 U.S.C. § 110(e)(1),[6] and applicable Missouri law, Mo.Ann.Stat. § 428.020 (Vernon).[7] The district court affirmed the decision of the bankruptcy court on April 14, 1977. The appeal to this court followed.

Under the Bankruptcy Act, the trustee may reach every kind of property capable of being transferred by the bankrupt or levied upon by his creditors or otherwise seized and sold by judicial process. 11 U.S.C. § 110(a)(5). The law of the state where the property is situated determines the extent of the bankrupt's interest in the property and whether the interest is transferable or may be levied upon. In Missouri, the trustee does not generally succeed to property held as a tenancy by the entirety unless both the husband and wife are petitioners in bankruptcy and the proceedings are consolidated. *In re Wetteroff*, 453 F.2d 544, 546 (8th Cir.), *cert. denied*, 409 U.S. 934, 1050, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972). Contrary to the common law, Missouri recognizes entirety estates in perso-

nalty and also allows such an estate to be created by a conveyance from a husband to himself and his wife. In fact, in any conveyance to a husband and wife there is a rebuttable presumption that an entirety estate was created. *Beaufort Transfer Co. v. Fischer Trucking Co.*, 451 S.W.2d 40, 44 (Mo.1970); *In re Estate of O'Neal*, 409 S.W.2d 85, 91 (Mo.1966); *Fulton v. Fulton*, 528 S.W.2d 146, 157–58 (Mo.App.1975).

Appellants acknowledge on this appeal that the resolution of the legal issues of whether summary jurisdiction was properly exercised by the bankruptcy court and the merits of their claims are both dependent upon the proper interpretation of the interest of Mrs. Gervich in the agreement of October of 1973.

It is appellants' contention that by executing the agreement Mrs. Gervich provided sufficient consideration to justify the payments being made by Shepard to the holder of the deed of trust embracing appellants' entirety-owned condominium unit. However, the agreement expressly states that the payments by Shepard were to be made in consideration of bankrupt's sale of his business interests in Electronics and Furniture. Mrs. Gervich had absolutely no ownership interest in either business. Consequently, it was the bankrupt's interest which was transferred and in return payments were to be made by Shepard which benefitted both the bankrupt and his wife. Thus, the effect of the agreement was that the bankrupt transferred property of which he was the sole owner to himself and his

---

5. Bankrupt and his wife did not testify at the hearing before the bankruptcy court.

6. 11 U.S.C. § 110(e)(1) provides:
   A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.

7. 5 Mo.Ann.Stat. § 428.020 (Vernon) provides:
   Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands, or in goods and chattels, or in things in

action, or of any rents and profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions, damages, forfeitures, debts or demands, or to defraud or deceive those who shall purchase the same lands, tenements or hereditaments, or any rent, profit or commodity issuing out of them, shall be from henceforth deemed and taken, as against said creditors and purchasers, prior and subsequent, to be clearly and utterly void.

wife as tenants by the entirety. The payments made under the agreement increased the value of an entirety asset (the condominium) which was immune from the reaches of bankrupt's creditors.

In a similar case where the transferee wife had performed services for her husband's business such as looking after the payroll and records, attending to the telephone, writing and signing most of the checks, and paying the bills, the Missouri Court of Appeals held that the transfer from the husband to the husband and wife as tenants in the entirety was in fraud of the husband's creditor under Missouri law. *Cooper v. Freer*, 385 S.W.2d 340 (Mo.App. 1964). The court stated that:

> Every conveyance or assignment made or contrived with intent to hinder, delay, or defraud creditors is void as to such creditors (§ 428.020 V.A.M.S.), and a voluntary assignment from husband to wife to the prejudice of the husband's creditors is presumptively fraudulent and void as to such creditors. Such transfers are looked upon with suspicion, and their good faith must be so clearly shown that there is no reasonable doubt as to the honesty of the transaction.

*Id.* at 342.

Appellants claim that *Cooper v. Freer, supra,* is not applicable here because Mrs. Gervich gave ample consideration, in addition to the sale of bankrupt's business interest, to support the payments made by Shepard for her benefit. Specifically, appellants draw our attention to the covenant not to compete, the release of all claims against the companies, and the provision which states that all of the parties agree to the terms of the agreement.

■ Appellants rely on the case of *Coffman Industries, Inc. v. Gorman-Taber Co.,* 521 S.W.2d 763, 770 (Mo.App.1975), for the proposition that only a minimal amount of consideration is needed to support a contract in Missouri. However, when a transfer is being attacked as fraudulent to the transferor's creditors something more than minimal consideration must be shown on the part of the transferee. When a trans-

action between a husband and wife results in prejudice to the transferor's creditors, the transfer will be closely scrutinized by the court to see that it was fair and honest and not a mere contrivance resorted to for the purpose of placing the transferor's property beyond the reach of creditors. *Cf. Inland Security Co. v. Estate of Kirshner,* 382 F.Supp. 338, 347 (W.D.Mo.1974); 11 U.S.C. § 107(d)(1)(e).

Here the bankruptcy court noted that the covenant not to compete was worded "Dennis Gervich agrees that he and his immediate family shall not engage * * *." The bankruptcy court found that by this provision Mrs. Gervich had not agreed to anything. Furthermore, even if the agreement is construed to provide that she agreed not to compete, the bankruptcy court stated that:

> I do not believe she thereby relinquished anything of substance or value: as, the evidence does not even remotely suggest that she had any meaningful business experience, or knowledge, or expertise, which would enable her to compete with anyone in even the slightest degree in either form of business activity.

Secondly, the bankruptcy court found that Mrs. Gervich did not surrender a valuable right by releasing Shepard and his companies from all claims and obligations whatsoever. The court stated that the evidence does not suggest that Mrs. Gervich, at any time during the existence of the business relationship between bankrupt and Shepard was considered to be a paid employee, or entitled to a remuneration of any kind, or that she had ever asserted a claim of any kind against the partnership or corporation. The services provided by Mrs. Gervich were merely gratuitous services provided for her husband. *See Cooper v. Freer, supra.*

Finally, the bankruptcy court found that the language whereby bankrupt and Mrs. Gervich agreed to the terms of the agreement signified nothing more than she was satisfied with what her husband had agreed to do.

In sum, the bankruptcy court found that appellants' contention that consideration was given by Mrs. Gervich to make the monthly payments to the holder of the deed of trust "is farcical, illusionary, spurious; their claim is not substantial, but colorable."

Although it could be argued that Mrs. Gervich gave some minimal amount of consideration in return for the payments made for her benefit, such consideration is not sufficient to support the contract when it is attacked on the ground that the transfer was in fraud of the bankrupt's creditors and the transfer in fact resulted in a detriment to the bankrupt's creditors.

Since there was not adequate consideration provided by Mrs. Gervich for what was in effect a voluntary transfer of property from bankrupt to bankrupt and Mrs. Gervich as tenants in the entirety, the transfer is presumed to be fraudulent as to existing creditors under Missouri Law, Mo. Ann.Stat. § 428.020 (Vernon). *Hartman v. Lauchli*, 238 F.2d 881, 888 (8th Cir. 1956). *See also Cooper v. Freer, supra.* The bankruptcy court properly took judicial notice of the bankrupt's verified schedule of creditors. *See SEC v. White & Co.*, 546 F.2d 789, 792 (8th Cir. 1976); *Nicklaus v. Bank of Russellville*, 336 F.2d 144, 145–46 (8th Cir. 1964). This schedule reveals that bankrupt was indebted at the time the agreement was entered into and that at least some of these debts were still owed at the time his petition in bankruptcy was filed.[8]

Once this indebtedness had been established, the burden of going forward with the evidence to show that the transfer was not fraudulent under Missouri law—including the fact that the grantor was not insolvent at the time of the transfer, nor rendered so by it—passed to and rested upon the transferees. *Hartman v. Lauchli, supra*, 238 F.2d at 888. The appellants offered no evidence to show that bankrupt was solvent at the time of the execution of the agreement or that the transfer was not fraudulent.

Since at the time of the transfer there was at least one creditor in existence with a provable claim in bankruptcy who could have successfully attacked the transfer in state court, the entire transfer is voidable by the trustee under section 70 e of the Bankruptcy Act, 11 U.S.C. § 110(e). *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931), *rev'g* 45 F.2d 449 (9th Cir. 1930); *Abramson v. Boedeker*, 379 F.2d 741, 748 n. 16 (5th Cir.), *cert. denied*, 389 U.S. 1006, 88 S.Ct. 563, 19 L.Ed.2d 602 (1967); *Schneider v. O'Neal*, 243 F.2d 914, 918 (8th Cir. 1957); 4A Collier on Bankruptcy ¶ 70.-94, at 1087, ¶ 70.95[4] (14th ed. 1976). Accordingly, the order of the district court requiring Shepard to make the monthly payments called for by the agreement to the trustee in bankruptcy rather than to Prudential Savings and Loan Association is affirmed.

Affirmed.

---

8. The bankruptcy court in its memorandum opinion indicates that bankrupt's verified schedule of creditors reflects debts totalling $4900, owed as of 1972, and additional debts owed as of 1973 totalling $6000.