**In re Robert L. FERGUSON, Laura Ann Ferguson, Debtor.**

**Tom McGREGOR, Trustee, Plaintiff,**

v.

**AMSOUTH BANK, N.A. and Wilbur Spigener, Defendants.**

**Adv. No. 85–0095.**

United States Bankruptcy Court, M.D. Alabama, N.D.

Feb. 21, 1986.

Tom McGregor, Webb, Crumpton, McGregor, Schmaeling & Wilson, Montgomery, Ala., trustee.

Barry E. Teague, Montgomery, Ala., for trustee.

Marcel E. Carroll, Montgomery, Ala., for Spigener.

Karl Benkwith, Jr., Jones, Murray, Stewart & Yarbrough, P.C., Montgomery, Ala., for AmSouth.

**OPINION ON COMPLAINT TO SELL REAL ESTATE**

A. POPE GORDON, Bankruptcy Judge.

The trustee in this case filed a complaint seeking to sell real estate free and clear of liens. Additionally, the trustee sought turn over of funds held in a checking account. Defendants Wilbur Spigener and AmSouth Bank, N.A., filed answers. The issue as to the checking account funds was

settled among all parties. Further, defendant Spigener makes no claim to the real estate. The only remaining issue is defendant AmSouth's claim to an equitable interest in the real estate. There is no dispute as to any material fact and the case is taken as submitted on briefs.

### Findings of Fact

The debtor, Laura Ann Ferguson, was formerly married to defendant Wilbur Spigener, that marriage having ended by divorce. Spigener deeded his interest in the real property which is the subject of this dispute to Ferguson in July, 1970.

Ferguson, now remarried, and her husband executed a promissory note and a mortgage on the real estate in the amount of $7,987.43 to the Citizens Bank of Wetumpka, predecessor to AmSouth Bank, N.A., on October 16, 1981. In February 1983, Ferguson negotiated a check in the amount of $25,000.00, drawn on the account of Wilbur Spigener. From the proceeds, Ferguson paid in full the balance due on the mortgage to the bank in the amount of $6,780.24. AmSouth issued Ferguson a loan payoff receipt and apparently satisfied the mortgage of record. The promissory note was marked paid.

Ferguson did not have the permission of her former husband to withdraw the $25,-000.00 and he filed a lawsuit in the Circuit Court of Elmore County, Alabama, against both the debtor and AmSouth Bank. Spigener obtained a judgment against Ferguson and AmSouth for fraud and conversion.

On May 29, 1985, Ferguson, together with her husband, filed for bankruptcy under Chapter 7 of the Bankruptcy Code. She listed the real property among her assets.

The trustee, charged with the duty to liquidate the estate, seeks to sell the property free and clear of any liens. AmSouth seeks to impose an equitable lien on the property equal to the outstanding indebtedness evidenced by the promissory note plus interest.

### Conclusion of Law

The argument of AmSouth is not well taken. AmSouth has no interest in the real estate and the trustee may sell the property free and clear of any interest of AmSouth.

### Discussion

AmSouth cites *Nicklaus v. Bank of Russellville*, 336 F.2d 144 (8th Cir.1964) for the proposition that the trustee in bankruptcy can have no interest in property acquired by the fraud of the bankrupt as against the party with a rightful claim to the property.

The *Nicklaus* court stated "a Trustee in Bankruptcy can have no interest in property acquired by the fraud of a bankrupt, or anyone else, as against the claim of the *rightful owner of such property.*" (Emphasis added)

The rightful owner of the funds used to pay off the promissory note and satisfy the mortgage in the case at bar is Spigener, not AmSouth. AmSouth's reliance upon this aspect of the *Nicklaus* case for relief is inappropriate.

The *Nicklaus* court goes on to say "[c]reditors have no right to profit by the fraud of a bankruptcy to the wrong and injury of the one defrauded." AmSouth is not the defrauded party in this case. Indeed, a jury found that AmSouth was a party to the fraud perpetrated against Spigener. This fact leads to the conclusion that AmSouth is not genuinely a creditor of Ferguson because there can be no contribution among joint-tortfeasors under Alabama law. *Covington Grain Co., Inc.*, 638 F.2d 1357 (5th Cir.1981).

AmSouth cites *Creel v. Birmingham Trust National Bank*, 383 F.Supp. 871 (N.D.Ala.1974) for the proposition that the trustee can acquire no higher right to the property than the debtor possessed. Therefore, AmSouth argues, if the debtor's rights are subject to AmSouth's mortgage on the property, then the trustee can succeed to no more than the debtor possessed.

The facts in this case show that Am-South had no lien of record * at the date the debtor filed her Chapter 7 petition. Under 11 U.S.C. § 544(a)(3), the trustee may avoid any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property. Since AmSouth had no lien of record at filing, a bona fide purchaser, and therefore the trustee, can avoid the transaction.

The Alabama Supreme Court in the opinion of Justice Harwood in the case of *Hair v. Beall*, 274 Ala. 699, 151 So.2d 613 (1963) stated "[o]ne who comes into equity must do so with clean hands, and equity will not aid one in extricating himself from hurtful consequences when his acts are reprehensible and directly connected with the subject matter of the litigation."

Here, AmSouth has been found equally guilty of fraud with Ferguson. AmSouth cannot now by claims of equity extricate itself from the consequences of its own wrongdoing.

AmSouth argues that to deny its claim for an equitable lien in the real estate would result in the debt, evidenced by the promissory note and secured by the mortgage of Mr. and Mrs. Ferguson to Citizens Bank, being paid in full, but nevertheless, with AmSouth having to repay that same amount to Mr. Spigener pursuant to the order of the Circuit Court of Elmore County, Alabama. This court finds no inequity in such a result. The court in the case of *Baird v. Howison*, 154 Ala. 359, 45 So. 668, stated "the suit of the party compelled to seek the aid of the court in order to obtain the fruits of his own fraud or wrong must be dismissed although it may result in unjustly giving to the other equally culpable party the entire benefit of them."

This opinion shall constitute the findings of fact and conclusions of law required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

A separate order will be entered consistent with this opinion.

---

* If the mortgage had not actually been satisfied of record by the time of filing as we assume, it should have been, because the mortgage had been paid in full prior to the date of the petition. No lien existed at that date, although the Probate Office records may show otherwise. The lack of satisfaction of record of the mortgage would not affect the holding in this case.