SETTLE ORDER in accordance with the foregoing.

See also 85 B.R. 18.

In re Stephen A. MISHKIN, Debtor.

In re HIGHCREST MANAGEMENT COMPANY, INC., Debtor.

(Related Action)

Margaret E. TEDESCO, Richard T. Carr, M.D., P.C., etc., et al., suing on behalf of themselves and all other similarly situated, Plaintiffs,

v.

Stephen A. MISHKIN, et al., Defendants.

Bankruptcy Nos. 83 B 20041, 83 B 20043 and 82 Civ. 8753.

United States Bankruptcy Court, S.D. New York.

March 26, 1992.

Bailey, Marshall & Hoeniger, New York City, for plaintiffs in Tedesco Class Action.

Barr & Rosenbaum, Spring Valley, N.Y., for trustee.

## DECISION ON MOTION FOR ORDER DIRECTING TRUSTEE TO PAY OVER TEDESCO SETTLEMENT ESCROW FUNDS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiffs instituted a class action in the United States District Court for the Southern District of New York (the "Tedesco" action) against the debtor, Stephen A. Mishkin ("Mishkin") and his corporate debtor, Highcrest Management Company, Inc. ("Highcrest"). The case is pending before United States District Court Judge David N. Edelstein and has been preliminarily resolved, subject to the issuance of an order approving the settlement. The debtor, Mishkin, and his corporate debtor, Highcrest, filed petitions with this court for Chapter 11 relief on January 26, 1983, which have since been converted to Chapter 7 of the Bankruptcy Code.

In the Tedesco class action in the district court, the plaintiffs charged the debtors with violations of the Securities Exchange Act of 1934, RICO, common law fraud and a pattern of racketeering which resulted in Mishkin pleading guilty to a three-count federal felony information in the United States District Court, White Plains, New York. Mishkin formed limited partnerships, with himself as the general partner. In certain instances, he converted investors' funds and took title to properties in his own name rather than in the partnership names. He then used the proceeds for his own personal benefit. The instant matter involves an application by the Tedesco plaintiffs that special escrow funds derived from the sale of certain assets which Mishkin had illegally converted for his own use

be turned over to the Tedesco class action in the district court.

One of the improper investment vehicles was Yardarm Associates, involving condominium units, which Mishkin acquired in his own name rather than for the limited partnership. The Chapter 11 trustee of the debtors was authorized by this court to sell Yardarm Beach Condominium Unit $ 67 (the "condominium") to a third-party purchaser, free and clear of liens, with such liens to attach to the proceeds of sale. In his decision dated September 24, 1995, Judge Edelstein permitted the Chapter 11 trustee to conduct the sale and said:

> Thus, plaintiffs will not be irreparably harmed by the sale, but rather plaintiffs' claim can still be asserted against proceeds if they ultimately succeed on their claim against Mr. Mishkin, *and therefore his estate, does not have valid title to the property.*

(emphasis added).

The other fund involves the proceeds of the sale of five hundred shares of Class B common stock of American Yeast Corporation ("American Yeast"), which were sold pursuant to an order of this court by the Chapter 7 trustee of Highcrest. The investor creditors invested their money in an investment trust created by the debtors, known as H.M.C. Investment trust, which purchased the American Yeast stock. In the decision in this case, dated June 20, 1983, this court said:

> The money that the plaintiff invested in the investment trust created by the debtor Stephen Mishkin *is not property of either Chapter 11 estate within the meaning of Code § 541* because the money was advanced to H.M.[C]. Investment Trust and was held by the investment trust in a fiduciary capacity. Hence the money did not belong to the debtors Highcrest Management Corp. or Stephen Mishkin. Therefore, neither debtor may claim that the plaintiff's funds are necessary to a Chapter 11 reorganization.

*In re Highcrest Management Co., Inc.*, 30 B.R. 776, 777 (Bankr.S.D.N.Y.1983) (emphasis added).

■ Thus, the proceeds from the sale of the condominium and American Yeast Stock, which the debtors fraudulently obtained from investors in their limited partnerships represent converted trust funds which were never beneficially the property of the debtors' estates within the meaning of 11 U.S.C. § 541. The Tedesco plaintiffs objected to the Chapter 11 trustee's sale of the condominium unit through the bankruptcy court and were overruled by Judge Edelstein in his memorandum opinion and order filed September 24, 1985. The funds were to be held in escrow pending the resolution of the Tedesco suit.

On the other hand, the Tedesco plaintiffs expressly consented to the Chapter 7 trustee's sale of the American Yeast stock, as reflected in a stipulation between the parties dated February 28, 1984. The proceeds were to be held by the Chapter 7 trustee in a separate, interest-bearing account, "subject to further order of the court" and without prejudice to the trustee's right "to apply for a reasonable commission or other compensation out of the proceeds with respect to said sale" and without prejudice to the right of the Tedesco plaintiffs to object to the award of any amounts which may be so requested.

The trustee objects to the plaintiffs' motion on the theory that the compensation of the professionals retained in the bankruptcy court should be determined by this court and not in the district court where the plaintiffs seek to have the funds administered.

## DISCUSSION

The issue to be resolved is whether the funds in question should be administered in the district court where a class action against the debtors is about to be settled, or in the bankruptcy court where the debtors' estates are being liquidated. The Tedesco class action plaintiffs reason that their pockets have already been picked by these dishonest debtors and that they do not wish to have their funds further diminished by the Chapter 7 trustee for the estates of the perfidious debtors. The Chapter 7 trustee argues that he administered the proceeds from the sale of assets derived from funds illegally converted by the debtors from limited partnerships organized and managed by the individual debtor and his corporate entity. Having performed services under the aegis of the bankruptcy court, the Chapter 7 trustee maintains that he should not be required to seek compensation in the district court for his services with respect to these converted funds.

■ The plaintiffs are not creditors holding secured claims against the debtors' estates whose collateral was administered in the bankruptcy court. The escrow funds in question do not constitute collateral which could be considered property of the estate within the meaning of 11 U.S.C. § 541. These funds were stolen from the plaintiffs by the debtors, who have no legitimate title claim to the proceeds; they are not collateral to which the debtors' estates may assert any claim of right. *See G.L. Nicklaus v. Bank of Russellville*, 336 F.2d 144, 147 (8th Cir.1964); *In re Iorizzo*, 114 B.R. 19, 24 (E.D.N.Y.1990) (Platt, C.J.). Professionals appointed under 11 U.S.C. § 327 and who may receive compensation for their services pursuant to 11 U.S.C. § 330 are entitled to an administrative expense status under section 503(b)(1)(A) for "the actual, necessary costs and expenses of preserving the estate...." 11 U.S.C. § 503(b)(1)(A) (emphasis added). Having been stolen from the class action plaintiffs, the proceeds in question are not part of the debtors' estates. There are instances where, absent consent on the part of secured claimholders, trustees who preserve or dispose of collateral of others may recover from the property, pursuant to 11 U.S.C. § 506(c), the necessary costs and expenses of preserving, or disposing of the collateral. However, such trustees may do so only to the extent of any benefit to the holder of the secured claim. *General Electric Credit Corp. v. Peltz (In re Flagstaff Foodservice Corp.)*, 762 F.2d 10 (2d Cir. 1985); *General Electric Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.)*, 739 F.2d 73 (2d Cir.1984).

■ In the instant case, the plaintiffs did not receive any benefits when they were

deprived of the opportunity to liquidate the converted assets by fiduciaries of their own choice, rather than the debtors' representatives. Indeed, the condominium unit was sold by the Chapter 11 trustee over the objection voiced by the plaintiffs' counsel. Hence, the proceeds from the condominium sale should be returned to the class action plaintiffs undiminished by bankruptcy administration expenses.

■ The proceeds from the sale of the American Yeast stock must be addressed from a different standpoint. Although the debtors' estates can claim no legitimate title to these funds, the stock was sold by the Chapter 7 trustee under the aegis of the bankruptcy court with the express consent of the plaintiffs, as set forth in their written stipulation with the Chapter 7 trustee. This stipulation also provided that the trustee could seek compensation for his selling activities from the proceeds of sale. Consequently, the Chapter 7 trustee may not successfully resist the plaintiffs' motion for a return of their money. However, before the trustee returns the proceeds to the class action plaintiffs, he may apply to this court for compensation for his sales activities, without prejudice to the plaintiffs' right to object to such application, as authorized under the stipulation in question.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (O).

2. The plaintiffs' application for a return of the escrow funds held by the Chapter 7 trustee with respect to the condominium unit is granted because these proceeds are not property of the debtors' estates within the meaning of 11 U.S.C. § 541.

3. The plaintiffs' application for a return of the escrow funds held by the Chapter 7 trustee in connection with the sale of the American Yeast Stock is granted because these funds are not property of the estate under 11 U.S.C. § 541.

4. Before the trustee returns the proceeds to the plaintiffs from the American Yeast stock sale, he may apply to this court for compensation from the proceeds in accordance with his written stipulation with the plaintiffs.

SETTLE ORDER in accordance with the foregoing.